Filed 10/20/15  P. v. Davidson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063848 |
| v. | (Super.Ct.No. FSB041285) |
| GILBERT EUGENE DAVIDSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Gilbert Eugene Davidson appeals from an order denying his petition to reduce his conviction to a misdemeanor, pursuant to Penal Code section 1170.18.[1]  We find no error and will affirm the order.

## PROCEDURAL BACKGROUND

Defendant was charged by information with first degree residential burglary. (§ 459, count 1.)  The information also alleged that he had two prior strike convictions. (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).)  On June 6, 2006, defendant was found guilty as charged.  At a bifurcated hearing, a trial court found true the prior strike conviction allegations.

On October 2, 2006, the court found that defendant was sane at the time of the offense.

On November 6, 2006, the court denied defendant's motion to strike one or more of his prior strike convictions.

On January 8, 2007, the court sentenced defendant to 25 years to life in state prison, with credit for time served.[2]

Defendant filed a petition for resentencing under section 1170.126 (Proposition 36), which the court denied on March 7, 2013.

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

[2]  The court subsequently modified the sentence by awarding additional conduct credits.

In November 2014, California voters approved Proposition 47 (effective November 5, 2014). (§1170.18.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

On February 2, 2015, defendant sent a handwritten letter to the district attorney's office, which was treated as a petition for resentencing under Proposition 47.

On May 8, 2015, the court denied the petition because defendant's current offense was not within the purview of Proposition 47.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether there was anything in the record that would indicate either the current offense or the prior 1992 burglary was a commercial burglary, subject to reduction under section 1170.18. Counsel has also requested this court to undertake a review of the entire record.

3

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.

4